# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

Case: 2:26−cv−12999
Assigned To : McMillion, Brandy R.
Referral Judge: Altman, Kimberly G.
Assign. Date : 8/24/2026
Description: CMP GHENNEWA V. MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES ET AL (NA)

**MOHAMMED GHENNEWA,**
Plaintiff,

v. Case No. ___________________

Hon. ___________________________

**MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES, and MICHIGAN CIVIL SERVICE COMMISSION,**
Defendants.

---

# COMPLAINT FOR DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, WAGE AND PAY DISPUTES, AND SEX AND RELIGIOUS DISCRIMINATION AND HARASSMENT UNDER THE ADA AND TITLE VII

## JURY DEMAND

Plaintiff Mohammed Ghennewa, appearing **pro se**, files this Civil Complaint against Defendants Michigan Department of Health and Human Services (“MDHHS”) and Michigan Civil Service Commission (“MCSC”), and states as follows:

---

# I. JURISDICTION AND VENUE

**1.** This action arises under Title I of the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and concerns disability discrimination, failure to accommodate, retaliation, sex discrimination and harassment, religious discrimination and harassment, and employment-related financial harm.

**2.** Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391 because substantial events giving rise to Plaintiff's claims occurred in Wayne County, Michigan.

**3.** Plaintiff seeks temporary, preliminary, and permanent equitable relief pursuant to Federal Rule of Civil Procedure 65 to prevent imminent and irreparable harm arising from Defendants' employment directives.

---

# II. PARTIES

**4.** Plaintiff Mohammed Ghennewa resides in Wayne County, Michigan, and is employed as an Assistance Payments Worker 9 by MDHHS.

**5.** Defendant Michigan Department of Health and Human Services is a Michigan state agency operating throughout Michigan, including at the Inkster and Greenfield/Joy District locations involved in this action.

**6.** Defendant Michigan Civil Service Commission is the Michigan governmental body responsible for civil-service administration and regulations applicable to Michigan state employees.

---

# III. FACTUAL ALLEGATIONS

## A. Medical Disability and Medical Restriction Concerning Inkster

**7.** Plaintiff has a documented cardiovascular disability, including Coronary Artery Disease and a history of myocardial infarction.

**8.** On July 14, 2026, Plaintiff's healthcare provider, Yvonne Zaher, FNP-C, of Primary Care Center PLLC, issued a written permanent medical restriction concerning Plaintiff's entry into the MDHHS Inkster environment.

**9.** The July 14, 2026 medical certification states that exposure to the Inkster facility presents an **"imminent, documented, and life-threatening risk for a secondary heart attack."** The healthcare provider further stated that permanent removal from the Inkster environment was medically necessary. A true and correct copy is attached as **Exhibit A**.

**10.** On July 21, 2026, Plaintiff experienced an acute medical crisis requiring emergency 911 EMS ambulance transportation to Corewell Health Wayne Hospital.

**11.** The hospital records document Plaintiff's emergency treatment and a recorded blood pressure of **194/114**. The relevant medical records are attached as **Exhibit B**.

---

# IV. JULY 10 TIMEKEEPING AND DISCIPLINARY MATTER

**12.** MDHHS attendance and timekeeping records concerning July 10, 2026 document the hours recorded for that workday.

**13.** MDHHS subsequently issued a Notice of Formal Counseling dated July 22, 2026 concerning an allegation that Plaintiff left work on July 10.

**14.** Plaintiff maintains that the July 10 allegation is contradicted by his timekeeping and employment records.

**15.** The relevant attendance/timekeeping records and Notice of Formal Counseling are attached as **Exhibit C**.

**16.** Plaintiff requested reasonable accommodation concerning his participation in the disciplinary/counseling process because of his documented medical condition. His written accommodation requests and related communications are included in **Exhibit C**.

# V. TIMESHEET AND PAYROLL RECORDS

**17.** Plaintiff's timesheet for the pay period ending July 18, 2026 documents the hours Plaintiff worked during that pay period.

**18.** Related payroll records concerning the July 30, 2026 pay date document the compensation initially recorded for that pay period and the subsequent manual payment concerning the July 10 timekeeping issue.

**19.** Those records are included in **Exhibit D**.

**20.** MDHHS has also posted Plaintiff's regular paystub in SIGMA for the **August 27, 2026 pay date**.

**21.** The August 27 paystub identifies the wages and compensation MDHHS has recorded and scheduled to pay Plaintiff on August 27, 2026.

**22.** The amount shown on the August 27 paystub is the amount Plaintiff is scheduled to receive on August 27, 2026. As of August 22, 2026, Plaintiff had not yet received that payment because the payment date had not occurred.

**23.** Plaintiff's timesheet and the August 27 paystub are submitted together as documentary evidence of the hours Plaintiff worked and the compensation MDHHS has recorded for those hours.

**24.** Plaintiff contends that the compensation reflected on the August 27 paystub does not correspond to the compensation supported by his timekeeping records.

**25.** The timesheet, payroll records, manual-payment documentation, and August 27 SIGMA paystub are attached as **Exhibit D**.

# VI. AUGUST 18 DISCIPLINARY PACKET AND AUGUST 25 MEETING

**26.** On August 18, 2026, Greenfield/Joy District Manager Matthew Micinski personally provided Plaintiff with a formal Disciplinary Packet concerning the July 10 incident.

**27.** The disciplinary matter was accompanied by a directive requiring Plaintiff to participate in a disciplinary meeting on **Tuesday, August 25, 2026, at the Greenfield/Joy District location**, concerning the Inkster matter.

**28.** Plaintiff again requested reasonable accommodation concerning his participation in the disciplinary process because of his documented medical condition.

**29.** The Disciplinary Packet, August 25 meeting directive, accommodation request, and related communications are attached as **Exhibit E**.

---

# VII. MDHHS EEO DISPOSITION AND SEX AND RELIGIOUS HARASSMENT

**30.** Plaintiff has active discrimination and retaliation charges pending before the EEOC, including charges concerning MDHHS and the Michigan Civil Service Commission.

**31.** On August 13, 2026, MDHHS EEO Officer Jimmy Waters issued a Notice of Disposition concerning Plaintiff's internal EEO complaint.

**32.** The August 13 correspondence included a written reference to Plaintiff as **"Ms. Smith,"** although Plaintiff is Mohammed Ghennewa and is male.

**33.** Plaintiff submits the August 13 EEO Notice of Disposition and related correspondence as evidence concerning his claims of sex-based and religious harassment and discriminatory treatment.

**34.** Those documents are attached as **Exhibit F**.

**35.** Plaintiff contends that the reference to him as a female must be considered in the context of his prior complaints concerning sex-based and religious discrimination and the surrounding employment conduct described in this Complaint.

---

# VIII. AUGUST 31 DIRECTIVE TO REPORT TO INKSTER

**36.** On August 14, 2026, Business Center Liaison Shannon Ritch (BSC4) sent Plaintiff an email directive requiring him to physically report to the **MDHHS Inkster facility beginning Monday, August 31, 2026**.

**37.** Plaintiff responded in writing, explaining that his healthcare provider had medically restricted him from entering the Inkster facility because of the documented risk of a secondary heart attack.

**38.** Plaintiff also informed management that he was not refusing to work and remained ready, willing, and able to perform his duties at the Greenfield/Joy location or remotely.

**39.** Plaintiff subsequently communicated with Wayne County Director Nicole Denson-Sogbaka concerning his reasonable-accommodation request and additional documentation/questionnaire requested in connection with that process.

**40.** The August 14 Inkster directive, Plaintiff's written medical-safety objection, and the subsequent accommodation communications are attached as **Exhibit G**.

---

# IX. EEOC SUPPLEMENTAL STATEMENT AND EMERGENCY CORRESPONDENCE

**41.** Plaintiff submitted a sworn Supplemental Statement to the EEOC on August 13, 2026 concerning the discrimination, retaliation, medical accommodation, and employment issues described in this Complaint.

**42.** Plaintiff also sent emergency correspondence to the EEOC and MDHHS leadership concerning his medical restriction, accommodation request, employment directives, and retaliation concerns.

**43.** The EEOC Supplemental Statement and related emergency correspondence are attached as **Exhibit H**.

---

# X. IMMINENT HARM AND THE TWO EMPLOYMENT DIRECTIVES

**44.** Plaintiff currently faces two separate employment directives with imminent consequences.

**45.** First, Plaintiff is scheduled to participate in a disciplinary meeting on **Tuesday, August 25, 2026, at the Greenfield/Joy District location**, concerning the Inkster matter.

**46.** Second, Plaintiff has been directed to **physically report to the MDHHS Inkster facility beginning Monday, August 31, 2026**.

**47.** The August 25 meeting and August 31 physical-reporting directive are separate events and separate directives.

**48.** The July 14 medical certification specifically identifies the Inkster environment as presenting an imminent and life-threatening risk of a secondary heart attack and states that permanent removal from that environment is medically necessary. **Exhibit A.**

**49.** The July 21 emergency medical records document Plaintiff's subsequent acute medical event requiring emergency 911 EMS transportation and hospital treatment. **Exhibit B.**

**50.** Plaintiff has therefore provided documentary evidence of both the medical restriction concerning Inkster and the subsequent emergency medical event.

**51.** The August 31 directive requires Plaintiff to physically report to the very facility identified in his healthcare provider's medical restriction.

**52.** The August 25 disciplinary meeting is scheduled only three days after Plaintiff's August 22, 2026 filing.

**53.** Plaintiff is proceeding pro se and cannot practically complete ordinary advance service of the Emergency TRO Motion and obtain judicial review before the August 25 meeting within the limited time remaining.

**54.** Plaintiff therefore seeks immediate judicial consideration of his Emergency Motion under Federal Rule of Civil Procedure 65(b), including consideration of whether advance notice may be excused under Rule 65(b)(1).

---

# COUNT I

# FAILURE TO ACCOMMODATE UNDER THE ADA

**55.** Plaintiff realleges paragraphs 1 through 54.

**56.** Plaintiff is a qualified individual with a disability who is able to perform the essential functions of his position with reasonable accommodation.

**57.** Plaintiff requested reasonable accommodation concerning his work location and participation in employment proceedings because of his documented medical condition.

**58.** Plaintiff provided medical documentation identifying the Inkster environment as presenting an imminent and life-threatening medical risk.

**59.** Despite that documentation and Plaintiff's accommodation requests, Defendants have continued to require Plaintiff to participate in employment actions associated with the Inkster matter and have directed him to physically report to Inkster beginning August 31, 2026.

**60.** Plaintiff contends that Defendants failed to engage in a lawful and effective accommodation process and failed to provide a reasonable accommodation that would permit Plaintiff to continue performing his job without entering the medically restricted Inkster environment.

**61.** Plaintiff seeks appropriate relief under the ADA.

---

# COUNT II

# RETALIATION

**62.** Plaintiff realleges paragraphs 1 through 61.

**63.** Plaintiff engaged in protected activity, including requesting reasonable accommodation and pursuing discrimination and retaliation complaints.

**64.** Plaintiff contends that Defendants thereafter took adverse employment actions, including disciplinary actions, employment directives, and other actions described in this Complaint.

**65.** The timing and circumstances of these actions support Plaintiff's claim that the actions were retaliatory.

**66.** Plaintiff seeks appropriate relief for unlawful retaliation.

---

# COUNT III

# SEX AND RELIGIOUS DISCRIMINATION AND HARASSMENT UNDER TITLE VII

**67.** Plaintiff realleges paragraphs 1 through 66.

**68.** Plaintiff is protected under Title VII based on his sex and religion.

**69.** MDHHS personnel, including its EEO Officer, addressed Plaintiff in written correspondence as **"Ms. Smith,"** despite Plaintiff being Mohammed Ghennewa and male.

**70.** Plaintiff contends that this conduct occurred in the context of his prior complaints concerning sex-based and religious discrimination.

**71.** Plaintiff further contends that the conduct was discriminatory and harassing based on his sex and religion.

**72.** The relevant written correspondence is attached as **Exhibit F**.

---

# COUNT IV

# WAGE AND PAY DISPUTE / FINANCIAL RETALIATION

**73.** Plaintiff realleges paragraphs 1 through 72.

**74.** Plaintiff's timesheet and payroll records document hours worked and compensation recorded for the applicable pay periods.

**75.** The July payroll records and subsequent manual payment documentation are contained in **Exhibit D**.

**76.** MDHHS has posted Plaintiff's regular paystub in SIGMA for the August 27, 2026 pay date.

**77.** The August 27 paystub reflects the amount MDHHS has recorded and scheduled to pay Plaintiff on August 27, 2026. Plaintiff had not yet received that payment as of August 22, 2026.

**78.** Plaintiff's timesheet and the August 27 paystub, when compared, document a discrepancy between the hours worked and the compensation reflected on the posted paystub.

**79.** Plaintiff contends that the resulting financial harm constitutes an adverse employment action and financial harm connected to the employment actions described in this Complaint.

---

# XI. IRREPARABLE HARM AND EQUITABLE RELIEF

**80.** Plaintiff's healthcare provider has expressly documented an imminent and potentially life-threatening risk associated with Plaintiff's entry into the Inkster facility.

**81.** The August 31 directive requires Plaintiff to physically report to that facility despite the medical restriction.

**82.** Plaintiff faces the additional imminent August 25 disciplinary meeting at the Greenfield/Joy District location concerning the Inkster matter.

**83.** Plaintiff seeks temporary relief to preserve his health and prevent potentially irreparable harm while the Court considers the underlying claims and accommodation issues.

---

# XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment and appropriate equitable relief in Plaintiff's favor, including:

**A.** An immediate Temporary Restraining Order and, after notice and hearing as required, a preliminary injunction preventing Defendants from requiring Plaintiff to participate in the **August 25, 2026 disciplinary meeting at the Greenfield/Joy District location concerning the Inkster matter**, and preventing Defendants from requiring Plaintiff to physically enter or report to the **MDHHS Inkster facility beginning August 31, 2026**, pending further order of the Court;

**B.** An order requiring Defendants to engage in a lawful, good-faith reasonable-accommodation process concerning Plaintiff's medical restriction;

**C.** Appropriate equitable relief permitting Plaintiff to continue performing the essential functions of his position through a medically safe work location or other reasonable accommodation;

**D.** Appropriate relief concerning unpaid or improperly calculated compensation supported by Plaintiff's timekeeping and payroll records;

**E.** Compensatory damages and other damages available under applicable federal law;

**F.** Appropriate relief for Plaintiff's claims of disability discrimination, failure to accommodate, retaliation, sex discrimination and harassment, and religious discrimination and harassment;

**G.** Costs and any other relief authorized by law; and

**H.** Such other and further relief as this Court deems just and proper.

---

# PLAINTIFF'S JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Mohammed Ghennewa demands a trial by jury on all issues and claims so triable as a matter of right.

---

**Dated: August 22, 2026**

Respectfully submitted,

/s/ Mohammed Ghennewa

**Mohammed Ghennewa, Plaintiff Pro Se**
25553 Annapolis St.
Dearborn Heights, MI 48125
Email: mghennewa@gmail.com
Phone: 231-510-7093

MOHAMMED GHENNEWA
25553 Annapolis St.
Dearborn Heights, MI 48125
Email: mghennewa@gmail.com | Phone: 231-510-7093

August 22, 2026

**VIA ELECTRONIC PRO SE DOCUMENT PORTAL**

Clerk of the Court
United States District Court for the Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

**RE: EMERGENCY PRO SE CIVIL COMPLAINT AND MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER (TRO)**

**Plaintiff:** Mohammed Ghennewa
**Defendants:** Michigan Department of Health and Human Services (MDHHS) and Michigan Civil Service Commission (MCSC)

Dear Clerk of the Court:

Enclosed for electronic filing, please find a new Civil Complaint alongside an Emergency Motion for an Ex Parte Temporary Restraining Order (TRO) and Preliminary Injunction, submitted pro se.

**CRITICAL EMERGENCY NOTE:** This emergency filing involves an imminent, fully documented, and life-threatening medical hazard, intentional identity-based harassment, and coordinated employment and financial retaliation.

Plaintiff’s healthcare provider has certified that forcing him to enter the MDHHS Inkster facility poses an imminent risk of a fatal secondary heart attack, following a prior emergency EMS ambulance evacuation from that exact site. The Defendants have issued a mandatory directive requiring Plaintiff to return to this medically dangerous environment, first for a retaliatory disciplinary meeting on Tuesday, August 25, 2026, and then on a permanent basis beginning Monday, August 31, 2026.

This directive was issued immediately following a bad-faith internal EEO disposition and severe, ongoing wage theft. Because the employer and the regulatory civil service commission are both named respondents in Plaintiff's pending federal EEOC charges,

Plaintiff is trapped in an administrative conflict-of-interest loop with no neutral internal recourse.

Accordingly, Plaintiff respectfully requests **immediate ex parte review pursuant to Federal Rule of Civil Procedure 65(b)(1)** and asks the Court to consider issuing the requested Temporary Restraining Order **without prior notice to Defendants**, based on the imminent risk of irreparable harm described in the Emergency Motion, Verified Complaint, medical certification, and supporting exhibits. Plaintiff's separate Pro Se Certification Regarding Ex Parte Notice addresses the circumstances supporting this request under Federal Rule of Civil Procedure 65(b)(1)(B).

Plaintiff respectfully requests that the Court consider temporary relief addressing the imminent August 25 and August 31 directives before those directives take effect.

Accompanying this emergency submission are the following documents, formatted as separate PDFs:

1. **Civil Cover Sheet (Form JS-44);**
2. **Verified Civil Complaint** (incorporating Wage Theft, Disciplinary Packets, and Title VII Sex/Religious Harassment);
3. **Emergency Motion for an Ex Parte Temporary Restraining Order (TRO) and Preliminary Injunction;**
4. **Plaintiff's Pro Se Certification Regarding Ex Parte Notice (Federal Rule of Civil Procedure 65(b)(1)(B));**
5. **Index of Exhibits** (including medical documentation, ICU records, corrected timecards, inaccurate paystubs, and email chains from Ritch, Denson-Sogbaka, and Waters);
6. **Proposed Temporary Restraining Order;**
7. **Summons in a Civil Action (Form AO 440) – two separate copies; and**
8. **Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).**

Thank you for your urgent and immediate attention to this life-threatening matter.

Respectfully submitted,

/s/ Mohammed Ghennewa

**Mohammed Ghennewa, Plaintiff Pro Se**

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Mohammed Ghennewa

**(b)** County of Residence of First Listed Plaintiff: Wayne County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Michigan Department of Health and Human Services (MDHHS), et al. (see attached)

County of Residence of First Listed Defendant: Wayne County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
42 U.S.C. § 2000e-2; 42 U.S.C. § 12112

Brief description of cause:
Employment discrimination on the basis of sex, religion, and disability, and unlawful retaliation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
08/22/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# ATTACHMENT TO CIVIL COVER SHEET: DEFENDANTS (CONTINUED)

## SECTION I: DEFENDANT AGENCIES

**1. Michigan Department of Health and Human Services (MDHHS)**
**Address:** 333 S. Grand Ave, Lansing, MI 48933
**County of Residence:** Ingham County

**2. Michigan Civil Service Commission (MCSC)**
**Address:** 400 S. Pine St, Lansing, MI 48933
**County of Residence:** Ingham County

## SECTION II: INDIVIDUAL DEFENDANTS

**3. Sheila King**, in their official and individual capacities.
**Title/Role:** Inkster District Manager
**Agency:** Michigan Department of Health and Human Services (MDHHS)
**Work Address:** 26355 Michigan Ave, Inkster, MI 48141

**4. Jason Granberry**, in their official and individual capacities.
**Title/Role:** Inkster Supervisor
**Agency:** Michigan Department of Health and Human Services (MDHHS)
**Work Address:** 26355 Michigan Ave, Inkster, MI 48141

**5. Emily Bright**, in their official and individual capacities.
**Title/Role:** Inkster Program Manager
**Agency:** Michigan Department of Health and Human Services (MDHHS)
**Work Address:** 26355 Michigan Ave, Inkster, MI 48141

**6. Nichole DeKlein, in their official and individual capacities.**
**Title/Role:** Inkster Program Manager
**Agency:** Michigan Department of Health and Human Services (MDHHS)
**Work Address:** 26355 Michigan Ave, Inkster, MI 48141

**7. Nicole Denson-Sogbaka, in their official and individual capacities.**
**Title/Role:** Wayne County Director
**Agency:** Michigan Department of Health and Human Services (MDHHS)
**Work Address:** 3040 W. Grand Blvd. Suite 5-650, Detroit, MI 48202

**8. Matthew Micinski, in their official and individual capacities.**
**Title/Role:** Social Services Division Administrator/District Manager
**Agency:** Michigan Department of Health and Human Services (MDHHS)
**Work Address:** 8655 Greenfield Rd, Detroit, MI 48228

**9. Nathan Conley, in their official and individual capacities.**
**Title/Role:** Labor Relations Manager / Acting HR Director
**Agency:** Michigan Civil Service Commission (MCSC)/Michigan Department of Health and Human Services
**Work Address:** 333 S. Grand Ave, Lansing, MI 48933

**10. Michael DeRose, in their official and individual capacities.**
**Title/Role:** Acting Chief Operating Officer
**Agency:** Michigan Civil Service Commission (MCSC)/Michigan Department of Health and Human Services
**Work Address:** 333 S. Grand Ave, Lansing, MI 48933

**11. Tamara Szydlowski, in their official and individual capacities.**
**Title/Role:** Payroll Manager
**Agency:** Michigan Civil Service Commission (MCSC)/Michigan Department of Health and Human Services
**Work Address:** 333 S. Grand Ave, Lansing, MI 48933

**12. Gary Maxwell, in their official and individual capacities.**
**Title/Role:** Reasonable Accommodation Coordinator/Labor Relations Specialist
**Agency:** Michigan Civil Service Commission (MCSC)/Michigan Department of Health and Human Services
**Work Address:** 333 S. Grand Ave, Lansing, MI 48933

**13. Amy Epkey, in their official and individual capacities.**
**Title/Role:** Acting Director
**Agency:** Michigan Department of Health and Human Services
**Work Address:** 333 S. Grand Ave, Lansing, MI 48933

**14. Alexis Morrison, in their official and individual capacities.**
**Title/Role: Disability Management Office (DMO)**
**Agency:** Michigan Civil Service Commission (MCSC)
**Work Address:** 400 S. Pine St, Lansing, MI 48933

**15. Shannon Ritch, in their official and individual capacities.**
**Title/Role:** Business Center Liaison/BSC4
**Agency:** Michigan Department of Health and Human Services
**Work Address:** 51111 Woodward Ave 4th floor, Pontiac, MI 48342